IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| EARNEST M. MAYERS, ) | C/A No. 3:09-2635-CMC-JRM |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| SHAW INDUSTRIES, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Through this action, Plaintiff, Earnest M. Mayers ("Mayers" or "Plaintiff"), who is proceeding *pro se*, seeks recovery for alleged discrimination, hostile treatment, and retaliation in employment including, most specifically, with respect to his termination. All of Mayers' causes of action relate to his employment with and termination from Defendant, Shaw Industries. ("Shaw").[1]

For the reasons set forth below and in the Report and Recommendation of the Magistrate Judge, the undersigned concludes that Shaw is entitled to dismissal of Mayers' claims to the extent they may be construed as (1) claims for violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, (2) claims for hostile environment (race-based or otherwise) or retaliation (for reporting safety or any other violations) under Title VII of the Civil Rights Act of 1964 ("Title VII") or South Carolina's Whistleblower Act, S.C. Code Ann. § 8-27-10 *et seq*. As

---

[1] Under the heading "RELIEF" on the *pro se* Complaint form, Mayers states that he "would like satisfaction for wrongful *dismissal* from employment. This dismissal was based upon race, age and harassment due to being a whistle blower about unsafe working conditions." Dkt. No. 1 at 7 (emphasis added). This specification of the relief sought suggests that Mayers is only seeking relief for his termination or dismissal from employment. The court has, however, also considered here the possibility that Mayers intends claims for hostile environment or retaliation short of termination. Ultimately, however, the court concludes that Mayers' claim should be limited to a claim for wrongful dismissal.

noted by the Report, this leaves Plaintiff's Title VII claims for racially disparate discipline or treatment (resulting in dismissal or termination) for further proceedings including discovery.

**PROCEDURAL BACKGROUND**

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), (g), DSC, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pre-trial proceedings and a Report and Recommendation ("Report"). On November 23, 2010, the Magistrate Judge issued a Report recommending that Shaw's motion to dismiss be granted in part. Dkt. No. 20.

The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if they failed to do so. Mayers timely filed an Objection on December 7, 2010. Dkt No. 22.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of an objection, the court reviews the Report and Recommendation only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court

need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

**REPORT AND OBJECTION**

**Report and Recommendation.** The Report construed the complaint to allege claims under Title VII, the ADEA, and, possibly, the South Carolina Whistleblower Act. It recommended dismissal of any ADEA claim for hostile environment or harassment because the allegations of the Complaint could not be construed to allege that any harassment or otherwise hostile circumstances were motivated by Mayers' age. Similarly, the Report recommended dismissal of any Title VII claim for hostile environment or harassment because the complaint referred to only one incident which was arguably race-based. That incident consisted of showing a diversity training video in which an actor uttered a racial slur. The Report recommended finding this single incident insufficient to constitute "severe and pervasive conduct," a requirement for a hostile environment claim. Dkt. No. 20 at 5-6.

While the complaint refers to other arguably hostile or harassing incidents, it fails to allege facts which would suggest that these incidents were motivated by Mayers' age, race or other criteria covered by Title VII. *Id.* To the contrary, the Complaint suggests that the primary motivation for all of Shaw's alleged maltreatment of Mayers was in retaliation for Mayers' reporting of a possible safety violation. While retaliatory, hostile, or harassing conduct based on such a report may be inappropriate, it would not violate Title VII or the ADEA, the latter of which does not permit a mixed-motive analysis. Neither would it violate South Carolina's Whistleblower Act which covers only retaliation against employees of a "public body." Dkt. No. 20 at 6 n.2.

For related reasons, the Report recommended dismissal of any claim for retaliation under Title VII or the ADEA which might be implied by the Complaint because Mayers does not allege that he engaged in any "protected activity" subject to protection against retaliation under Title VII or the ADEA. Instead, he alleges that the retaliation was for his reporting of a safety violation. As noted above, retaliation for reporting a safety violation is not actionable under the Whistleblower Act unless the employer is a "public body." There is no allegation that Shaw fits this requirement.

Finally, the Report recommends dismissal of any ADEA claim for wrongful termination because Mayers does not allege that age was the "but for" cause of his termination. *See* Dkt. No. 20 at 9 (noting mixed-motive claims are not available under the ADEA). Any such allegation or inference would, in any event, be inconsistent with the Complaint's allegations that Shaw's adverse treatment of or actions against Mayers were motivated by Mayers reporting of a safety violation.

The Report does *not* recommend dismissal of the Title VII claim(s) for disparate discipline or treatment. Thus, accepting the recommendations of the Report would allow Mayers to proceed with his Title VII claim(s) that he was treated differently, including as to discipline and termination, because of his race.

**Objection.** Mayers' Objection focuses on his safety-related complaint and later termination for actions which appear to involve the same general safety procedures. *E.g.,* Dkt. No. 22 at 2-4 (addressing "LOTO Policy"). He also suggests that there were multiple instances of harassment or disparate treatment but does not link those to race or age-related animus. Dkt. No. 22 at 4-8. He concedes that he did not engage in "protected activity" which might support a claim of retaliation under the ADEA or Title VII. Dkt. No. 22 at 9. He also concedes he has no proof of age discrimination and indicates he would like to proceed with his Title VII claim. *Id.*

.

4

**DISCUSSION**

Having carefully considered Mayers' Objection, the court finds nothing which would draw any of the recommendations of the Report into question. Indeed, Mayers' "Objection" concedes a number of points on which the Report relies including that he did not make any report which would fall within the scope of "protected activity" necessary to support a claim for retaliation under Title VII or the ADEA. Similarly, although Mayers points to numerous incidents of alleged harassment, hostile environment, or retaliation, he fails to direct the court to allegations which would suggest that these incidents were motivated by an animus prohibited by Title VII or the ADEA. Moreover, his specific relief demand limits his claim(s) to claim(s) for wrongful termination, not some earlier hostile environment or other pre-termination disadvantage. Thus, while pre-termination events may be relevant to showing the motivation for his ultimate termination, they may not be raised to support any independent claim. In light of these conclusions, and for reasons set forth in the Report, the undersigned concludes that Mayers' claims should be dismissed except to the extent he alleges a race-based Title VII claim for discriminatory termination (and related disciplinary action).

**CONCLUSION**

For the reasons set forth above, the court adopts the rationale and recommendation of the Report, incorporating the same herein, and dismisses any claims implied by the Complaint other than a claim for disparate treatment/ discipline under Title VII which treatment/discipline led to Mayers' termination. The matter shall proceed as to this surviving claim and is remanded to the Magistrate Judge for further pretrial proceedings including appropriate discovery relevant to the

surviving claim. Any issues as to the scope and timing of discovery are remanded to the Magistrate Judge for resolution.[2]

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
December 14, 2010

---

[2] Mayers includes the following discovery-related request in his objection: "Shaw Industries has a lot of my evidence in their files, but as stated earlier, it takes [a] court order to get them, which I would like to have." This request is remanded to the Magistrate Judge for resolution through further briefing or hearing as he deems appropriate.